**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BANG BANG MERCHANDISE LLP,

                                   Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

                                   Defendants.

Case No. 26-cv-4025

---

**PLAINTIFF'S MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**

Plaintiff, Bang Bang Merchandise LLP ("Plaintiff"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, respectfully requests that this Court (1) grant Plaintiff leave to file certain documents under seal, specifically, Schedule A to the Complaint, which lists the Defendants by their Seller Aliases; and (2) the Exhibits to the Declaration of Andrew Masterson, which include screenshots showing the active e-commerce stores operating under the Seller Aliases, and be maintained under seal; until such time as the Court holds a hearing on Plaintiff's anticipated Motion for Preliminary Injunction.

The Court's authority to seal any or all documents lies within its discretion. *In re Search of a Residence which is Situated on a Cul-De-Sac etc.*, 121 F.R.D. 78, 79 (E.D. Wis. 1988). Generally, the record of a judicial proceeding is public and there is a strong presumption that the records should be public. *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). However, judicial records may be sealed when there is a compelling interest. *Shore v. Johnson & Bell, Ltd*, No. 16-cv-4363, 2016 WL 7197421, at *1 (N.D. Ill. Dec. 8, 2016). Public access has been denied where a court finds the records and files might have become a vehicle for improper purposes. *Nixon v.*

*Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). If a party can show good cause for confidentiality, then the court must balance that with the public's interest in access to the record. *In re Bank One Securities Litigation*, 222 F.R.D. 582, 586 (N.D. Ill. 2004).

If certain information regarding this action becomes public, it is likely that the Defendants will take steps to conceal, destroy, and/or alter, records relating to the infringing products, and the Defendants can and likely will register new e-commerce stores under new aliases and move any assets to off-shore bank accounts outside the jurisdiction of this Court. Thus, there is a real danger that permitting this case to be publicly docketed would deprive Plaintiff of the remedies afforded by law and equity.

In order to maintain the confidentiality of the instant proceedings, it is imperative that the Schedule A and the Exhibits to the Declaration of Andrew Masterson be maintained under seal until after Plaintiff can obtain documents and information related to the infringing products. Plaintiff requests that the Order sealing these documents last long enough to effect service of the Complaint and Summons on Defendants, to execute on the requested orders should the *Ex Parte* Motion be granted, and to process and review data and records obtained from Defendants, in order to identify other sources and owners of the infringing products, in order to take steps to prevent future unauthorized acts. Therefore, Plaintiff respectfully requests that the Court grant the instant Motion and grant Plaintiff leave to file certain documents under seal.

Dated: April 10, 2026                                    Respectfully submitted,


                                                         */s/ Sofia Quezada Hastings*
                                                         Sofia Quezada Hastings

                                                         **One of the Attorneys for Plaintiff, Bang Bang Merchandise LLP**

2

Matthew De Preter
Sofia Quezada Hastings
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Ste. 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com
shastings@agdglaw.com