**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BANG BANG MERCHANDISE LLP,<br><br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 1:26-cv-4025<br><br>Judge Robert W. Gettleman |

**MEMORANDUM IN SUPPORT OF JURISDICTION**

Plaintiff, Bang Bang Merchandise LLP ("Plaintiff"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, hereby submits the following memorandum supporting jurisdiction against Defendants pursuant to Docket Entry No. 9.

**I.    ARGUMENT**

**A.  Controlling Law Supports Personal Jurisdiction over Defendants.**

In the context of "Schedule A" litigation, the 7th Circuit has held and maintained that a defendant's operation of an online store accessible within the forum state, together with a completed sale to customers in that state, is sufficient to establish personal jurisdiction. *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 623-27 (7th Cir. 2022). Further, a single sale, even if that sale is to plaintiff, supports a finding of personal jurisdiction. *Id.*

**B.  Defendants are Subject to this Court's Specific Personal Jurisdiction.**

This Court may exercise personal jurisdiction over foreign defendants only when they have "certain minimum contacts with [Illinois] such that maintenance of the suit [here] does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326

1

U.S. 310, 316, (1945) (internal citations omitted). That a foreign corporation avails itself of "the benefits of an economic market in the forum State" is sufficient to establish personal jurisdiction "even if it has no physical presence in the State." *Quill Corp. v. North Dakota By and Through Heitkamp*, 504 U.S. 298, 307 (1992).

Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (citing Fed. R. Civ. P. 4(k)(1)(A)). There are two types of personal jurisdiction: general jurisdiction, which exists only when the party's affiliations with Illinois "are so constant and pervasive 'as to render [it] essentially at home" here, *Daimler AG v. Bauman*, U.S. 134 S.Ct. 746, 751, (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); and specific jurisdiction, which is "case-specific" and exists where the defendant has "purposefully directed" its activities at residents of the forum state and where the plaintiff's claim is "linked to the [defendant's] activities or contacts with" Illinois. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985); see also *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695 (7th Cir.2015).

The Seventh Circuit holds that jurisdiction is proper over a company that is willing to do business with [that] state as it is therefore willing to do business with residents within the state. See *Illinois v. Hemi Grp. LLC,* 622 F.3d 754, 757-58 (7th Cir. 2009).

In *Hemi Grp.*, the Seventh Circuit found that it had personal jurisdiction over defendants because they operated a nationwide business model where they intentionally created and operated several commercial, interactive websites to offer products for sale and allow online orders from Illinois residents. *Id.* As such, specific jurisdiction is proper where a company "h[olds] itself out as open to do business with every state" and is "ready and willing to do business with [that state's] residents." *Id*. at 758.

2

### a. Defendants Have Purposefully Directed Activity At Illinois Through The Online Storefronts

The question is whether the Defendants have purposefully directed activity at Illinois, not just at residents within the state of Illinois. See *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 621 (7th Cir. 2022), see also *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[t]he defendant's contacts must be with the forum state, not just with individuals within the state"). Defendants created an operational an online retail store. In doing so, Defendants agreed to sell and ship its products into every U.S. state, including the forum state. If Defendants did not intend to direct any conduct here, they could have restricted the ability for Illinois customers to make purchase, or chose not to operate on a third-party platform that sells into Illinois, such as Amazon or Walmart. However, they did not do so. In fact, the infringing good was available for purchase in Illinois, as Plaintiff has alleged and provided supporting evidence attached as exhibits to its Motion to Temporary Restraining Order. See Dkt. 11. This evidence shows that Plaintiff was in fact able to submit a purchase for each of the infringing goods sold by the Defendants. The exhibits show the successful transaction of a sale into the forum state. Under the holding in *NBA Props.,* these sales establish that personal jurisdiction is proper over defendants.

### a. Relatedness

"The proper exercise of specific jurisdiction also requires that the defendant's minimum contacts with the forum state be suit-related." *Curry v. Rev. Labs., LLC*, 949 F.3d 385, 400 (7th Cir. 2020) (internal citations omitted). The defendant's conduct in *NBA Props.* was held to be related to the suit because it operated an Amazon.com store where it listed the accused infringing product and offered to ship to Illinois. *NBA Props.,* 46 F.4th at 626. The facts are analogous here, and the relatedness prong has been met.

### b. *Traditional Notions of Fair Play and Justice*

The final prong under specific jurisdiction requires that a defendant's minimum contacts with the forum state must not offend 'traditional notions of fair play and substantial justice.' See *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Defendants' business model is through the internet and through U.S. online marketplaces. Modern technology significantly eases the burdens of these challenges. Defendants cannot benefit from the U.S. markets and direct activity here without reasonably expecting to be haled into a local court, especially as an e-commerce seller. Illinois has an interest in protecting its residents from counterfeit and infringing purchases and from being misled about the quality of genuine goods due to Defendants' infringing advertisements and transactions. Therefore this Court should find that jurisdiction over the Defendants does not offend traditional notions of fair play and justice.

Dated: April 27, 2026

Respectfully submitted,

/s/ *Sofia Quezada Hastings*
**One of the Attorneys for Plaintiff**
Sofia Quezada Hastings
Matthew De Preter
ARONBERG GOLDGEHN
225 W. Washington St. Suite 2800
Chicago, IL 60606
shastings@agdglaw.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system.

/s/ *Sofia Quezada Hastings*
*Attorney for Plaintiff*