



GMC

FILED
5/18/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**BANG BANG MERCHANDISE LLP**
Plaintiff,
Vs.
**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**
Defendants.

**Case No.: 1:26–cv– 04025**
**Assigned Judge:** Hon. Judge Robert W. Gettleman

## DEFENDANT 090'S NOTICE OF SETTLEMENT PAYMENT COMPLETION AND FINAL STATUS UPDATE

**DEFENDANT NO. 90'S PRO SE MOTION FOR EXTENSION OF TIME TO RESPOND AND NOTICE TO THE COURT**

Defendant No. 90, operating under the online seller alias "JAI SREE RAM" and owned by Gokul Ramu located in Salem, Tamil Nadu, India  (appearing pro se, hereinafter "Defendant"), respectfully moves this Honorable Court for an extension of time to answer, move, or otherwise respond to Plaintiff's Complaint. Defendant further provides this formal Notice to apprise the Court of the current status of service of process, document access limitations, and ongoing good-faith settlement efforts.

In support of this Motion, Defendant respectfully states as follows:

## I.  STATUS OF LITIGATION AND SERVICE CONCERNS

1. Plaintiff filed this action alleging trademark infringement regarding the "Arctic Monkeys" mark.
2. Plaintiff subsequently filed a Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) on April 27, 2026, noting the inherent difficulties in confirming physical storefront operations abroad.
3. Defendant notes that a formal Summons and accompanying Temporary Restraining Order (TRO) were not directly or traditionally executed to Defendant at the onset of these proceedings.

    Upon proactively discovering the existence of this lawsuit through ongoing third-party platform limitations, Defendant immediately acted in complete good faith

by reaching out directly to this Honorable Court and to Plaintiff's counsel of record—Sofia Quezada Hastings and Matthew De Preter of Aronberg Goldgehn Davis & Garmisa—to formally request all underlying litigation papers.

## II. INABILITY TO VERIFY CLAIMS DUE TO SEALED DOCUMENTS

5. Plaintiff's Complaint explicitly sets forth that "Schedule A attached hereto... is filed under seal".

6. Because these primary tracking files, store links, and identity verification elements remain strictly under seal, Defendant—as an unrepresented pro se individual lacking credentials to the court's restricted electronic case filing (CM/ECF) system—cannot fully review, acknowledge, or verify the explicit scope of the operational constraints levied against them.

## III. DE MINIMIS SALES ACTIVITY EXCLUSIVELY VIA PLAINTIFF TEST BUY

7. Defendant has engaged in zero commercial sales of the allegedly infringing items to the public or marketplace consumers.

8. According to the data tables compiled by Plaintiff's investigator on March 4, 2026, the single transaction associated with Defendant's store alias was an isolated product listing priced at $25.00 (Totaling $27.50 with shipping).

9. This lone transaction, documented under Order# 2000145-33123973, was an automated "test buy" directly executed by the Plaintiff's investigative division and dispatched to a domestic collection address at 7627 Lake St, Ste 201, River Forest, Illinois.

10. Outside of this singular, investigator-initiated order, Defendant has derived no commercial profit or sustained market distribution revenue regarding the items in question.

## IV. REQUEST FOR TIME TO FINALIZE AN IMMEDIATE RESOLUTION

11. Defendant is highly motivated to conclude this dispute efficiently, cooperatively, and without creating an unnecessary expenditure of this Court's time or judicial resources.

12. Defendant has already initiated direct contact with Plaintiff's legal counsel to open a communication channel and resolve the underlying matters through an immediate, out-of-court settlement framework.

13. Rather than engaging in prolonged and adversarial formal litigation, both parties require a reasonable operational window to exchange terms and execute a final settlement agreement as soon as possible.

14. Accordingly, Defendant respectfully requests that this Court extend the responsive pleading timeline and direct that no default judgments, final statutory damage totals, or further adverse asset orders be finalized against Defendant No. 90 while

these direct, good-faith settlement negotiations are actively progressing with Plaintiff's counsel.

**PRAYER FOR RELIEF**

**WHEREFORE,** *Pro Se* Defendant No. 90 ("JAI SREE RAM") respectfully requests that this

Honorable Court:

- **GRANT** a reasonable and flexible extension of the response timeline for Defendant to answer, move, or otherwise plead to allow the parties to conclude their active settlement negotiations as expeditiously as possible;
- **ORDER** that no final default judgments, active sanctions, or permanent damage orders be signed or entered against Defendant No. 90 while these direct resolution efforts with Plaintiff's counsel are underway; and
- **GRANT** such other and further relief as this Court deems equitable, just, and proper.

Dated: May 18, 2026

Respectfully submitted,

/s/ GOKUL
Owner / Pro Se Defendant
JAI SHREE RAM (Defendant No. 90)
359 Gate No. 2, Vivekanandhar Street
Bharathinagar, Salem 636010 INDIA
Email: gokulr358@hotmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on May 18, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ GOKUL

Owner / Pro Se Defendant

JAI SHREE RAM (Defendant No. 90)

359 Gate No. 2, Vivekanandhar Street

Bharathinagar, Salem 636010 INDIA

Email: gokulr358@hotmail.com

Phone: +91 8608787191