**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BANG BANG MERCHANDISE LLP,

                 Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

                 Defendants.

Case No. 26-cv-4025

Hon. Robert Gettleman

## CONSENT JUDGMENT

This action having been commenced by Bang Bang Merchandise LLP ("Plaintiff"), against Defendant JAI SREE RAM (Defendant No. 90) ("Defendant"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since Defendants voluntarily submitted to the jurisdiction of this Court with respect to the allegations made in Plaintiff's Complaint involving the Plaintiff's federally registered trademarks

THIS COURT FURTHER FINDS that the Parties have agreed to the entry of this Consent Judgment by the Court without trial or adjudication of any issue of fact or law and without finding or admission of wrongdoing or liability of any kind, including Plaintiff's claims set forth in the Complaint against Defendants for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*).

IT IS HEREBY ORDERED that:

1. Defendants, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with Defendants be permanently enjoined and restrained from:

   a. using the Bang Bang Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Bang Bang product or not authorized by Plaintiff to be sold in connection with the Bang Bang Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Bang Bang product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Bang Bang Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Bang Bang Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof.

2. The parties have agreed to a damages amount to be paid by Defendant in order to settle all

claims, as memorialized in the parties' settlement agreement (the "Damages Amount").

3.    Walmart, Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's account to Plaintiff or its counsel within seven (7) calendar days of receipt of this Order and the parties' settlement agreement.

4.    Upon Walmart's transfer of the Damages Amount to Plaintiff pursuant to Paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order.

5.    Each party shall bear its own attorneys' fees and costs.

This is a Consent Judgment.

DATED:  July 19, 2026

_____
Hon. Robert Gettleman
United States District Judge